## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

```
-------------------------------------------
                                          )
TERRENCE WARD,                            )
                                          )
          Plaintiff                       )
                                          )
v.                                        )     C.A. NO.
                                          )
MASSACHUSETTS BAY                         )
TRANSPORTATION AUTHORITY;                 )
DANIEL GRABAUSKAS; JOHN                   )
MCLAUGHLIN; TIMOTHY                       )
ARMSTRONG; WILLIAM                        )
MCLELLAND: KEVIN PETIT;                   )
DAVID LITIFF; THOMAS DENN;                )
WILLIAM HENNIGAN: SEAN                    )
PALMER; TIMOTHY SPENCER;                  )
and GEORGE MUGFORD,                       )
                                          )
          Defendants                      )
_____
```

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Terrence Ward ("Ward") complains under 42 U.S.C. §1985 that the captioned defendants have injured his person, his property and his exercise of rights and privileges as a Citizen of the United States. The defendants conspired to deny him equal protection of the laws or equal privileges and immunities under the law. He further complains under 42 U.S.C. §1986 that Defendants Massachusetts Bay Transportation Authority ("MBTA"), Daniel Grabauskas, ("Grabauskas"), Kevin Petit ("Petit") and William Hennigan ("Hennigan") knowingly failed to prevent the commission of illegal and wrongful acts against him.

## JURISDICTION

1. Jurisdiction lies with this Court under 28 U.S.C. §1331. Ward requests that the Court exercise its pendent jurisdiction over related state law claims defined in Counts II and III.

## PARTIES

2. Ward is employed by the MBTA. He is a Citizen of the United States. He is of African and Native American descent.

3. MBTA is a public authority. It may sue and be sued under the laws of the Commonwealth of Massachusetts and is a "person" for all relevant purposes.

4. Grabauskas is the chief executive officer of the MBTA. In addition to individual responsibility for his acts and omissions, he acted within the scope of his employment, represented the MBTA and legally bound the MBTA.

5. All of the remaining individual defendants are employees of the MBTA and all of their actions relevant hereto were performed in the course of their employment by and on behalf of the MBTA.

## FACTS

6. From 1994 through the present, Ward  in the course of his employment engaged in activities protected by 42 U.S.C. §2000e and Mass. Gen. Laws ch. 151B, among which were complaints  that the MBTA and individual employees had violated those statutes.

7. In January 2003, Ward filed a complaint against the MBTA, Civil Action No. 03-100050-RS ("the prior suit").  Ward alleged that the MBTA had , through its employees and agents, discriminated against him because of his race , his color, his

disabilities, and his engagement in activities protected by those statutes and the Constitutions of the United States and Massachusetts.

8.  Defendant Thomas Denn ("Denn"), a co-worker, was among the individuals against whom Ward had complained of retaliation.

9.  In November 2005, Ward and the MBTA settled the prior action. Upon information and belief, Grabauskas was familiar with and approved the settlement. Under the settlement, the MBTA was required to give written notice to Denn, reminding him that any retaliation against Ward would violate federal and state law.

10. On April 5,  2006, while serving the MBTA as a Customer Service Representative, Ward was assaulted by a white MBTA employee, not a party hereto. As a consequence of the acts and omissions of the MBTA and its employees following the assault, and because the MBTA had failed to comply with certain terms of the November 2005 settlement, Ward brought an action in Massachusetts Superior Court against the MBTA, seeking, *inter alia,*  an order that the MBTA permit him to return to work in a position which would not require contact with members of the general public.

11. Ward sought and obtained an injunction from the Massachusetts Superior Court ordering the MBTA to comply with terms of the settlement agreement not relevant hereto. During the pendency of the application for injunction, the MBTA , in October 2006, reinstated Ward into a position, which did not normally require contact with members of the general public.

12. The MBTA, however, placed Ward under the supervision, direct and indirect, of Defendant John McLaughlin ("McLaughlin") and Defendant William McClelland ("McClelland"), knowing that both had been subjected to numerous complaints from

black employees and had a reputation and propensity for discrimination against and hostility toward black employees. The MBTA and Grabauskas, knew or had reason to know that McLaughlin and McClelland would retaliate against Ward for having previously complained of unlawful discrimination by them and other MBTA supervisors.

13. McLaughlin, McLelland and Defendant Tim Armstrong ("Armstrong") conspired to bring false allegations against Ward and wrongfully seeking to discipline him to defeat the due course of justice in his claims against the MBTA and to deny him equal protection of the laws.

14. To avoid contact with McLaughlin, McLelland and Armstrong, and because the MBTA refused to intervene on his behalf, Ward bid on and in December 2006 was forced to accept the position of car cleaner in the Albany Street Garage. The transfer was a demotion and reduced Ward's pay,

15. On March 8, 2007, while Ward was eating lunch with co-workers, one co-worker, Defendant George Mugford ("Mugford"), made a statement mocking the history of genocide against American Indians.

16. Ward and another co-worker complained about Mugford's statement to Defendant William Hennigan ("Hennigan") and Kevin Petit ("Petit"), their common supervisors.

17. The MBTA, Petit and Hennigan knew that Mugford is a violent person and has a history of threatening bodily injury to black employees.

18. Hennigan and Petit refused to take action against Mugford for his statement and instead encouraged Mugford, Defendant David Litiff ("Litiff"), Defendant Saun

Palmer ("Palmer") and Defendant Timothy Spencer ("Spencer") to retaliate against Ward and to intimidate him into withdrawing his complaint.

19. Litiff, Mugford, Spencer, Palmer and Denn conspired  with each other and with others to threaten and intimidate Ward for complaining about Mugford's statement.

20. On repeated occasions after Ward complained about him, between March 8, 2007 and November 19, 2007, Mugford assaulted Ward, snarled at him and stared threateningly at him to impede, hinder, obstruct or defeat the due course of justice, with intent to deny Ward equal protection of the laws.

21. Litiff and Spencer have on various occasions approached Ward, urging him to forego his complaint against Mugford.

22. Spencer has filed false reports against Ward.

23. Palmer has assaulted Ward, filed false reports against him, sabotaged his equipment at work and on various occasions stared threateningly at him.

24. Denn, who is not assigned to the Albany Street Garage, has in the presence of his co-conspirators made threatening gestures to Ward.

25. One or more of the co-conspirators have sabotaged Ward's equipment at work.

26. Petit continued to refuse to take action even with direct evidence that co-employees were sabotaging Ward's equipment.

27. Petit repeatedly refused to intervene on behalf of Ward and instead encouraged Mugford, Spencer, Litiff and Palmer further to intimidate and threaten Ward.

28. Although between March 8, 2007 and November 19, 2007 Ward repeatedly brought Mugford's conduct and that of Hennigan, Litiff, Spencer, Palmer, Petit and Denn to Grabauskas's attention, Grabauskas refused to intervene, permitting the unlawful

threats and intimidation to continue, thereby ratifying this unlawful behavior on his
behalf and on behalf of the MBTA.

29. On November 19, 2007, the MBTA finally transferred Ward to take him "out of
harm's way," reassigning him temporarily to a day watchman position.

30. As a direct and foreseeable consequence of the Defendants' conduct Ward has
suffered extreme emotional distress and denial of equal protection of the laws.

## COUNT I: VIOLATION OF 42 U.S.C. § 1985

31. Ward repeats the allegations contained in paragraphs 1-30, above, and incorporates
them by reference as if fully recited herein.

32.  The defendants have conspired to interfere with Ward's civil rights in violation of 42
U.S.C. §1985(2) and (3), such that they are jointly and severally liable to him for
compensatory and punitive damages, as well as reasonable attorney's fees required
to bring this action.

## COUNT II: VIOLATION OF 42 U.S.C. § 1986

33. Ward repeats the allegations contained in paragraphs 1-30, above, and incorporates
them by reference as if recited herein.

34. The MBTA, Grabauskas, Petit and Hennigan, having knowledge of the wrongs
conspired to be done to Ward and having the power to prevent or aid in preventing
their commission, refused to do so in violation of 42 U.S.C. §1986, such that they are
jointly and severally liable to him for compensatory and punitive damages, as well as
reasonable attorney's fees required to bring this action.

## COUNT III: VIOLATION OF MASS. GEN. LAWS CH. 12, §11I

35. Ward repeats the allegations contained in paragraphs 1-30, above, and incorporates
them by reference as if recited herein.

36. The defendants by their conduct interfered or attempted to interfere with Ward's rights secured by the constitution and laws of the United States and the Commonwealth of Massachusetts through threats, intimidation or coercion, in violation of Mass. Gen. Laws ch. 12, §11I, such that they are jointly and severally liable to him for compensatory and punitive damages, as well as reasonable attorney's fees required to bring this action.

**COUNT IV: VIOLATION OF MASS. GEN. LAWS CH. 151B, §4(4A)**

37. Ward repeats the allegations contained in paragraphs 1-30, above, and incorporates them by reference as if recited herein.

38. The defendants by their conduct coerced, intimidated, threatened or interfered with Ward's exercise or enjoyment of rights granted or protected by Mass. Gen. Laws ch. 151B, such that they are jointly and severally liable to him for compensatory and punitive damages, as well as reasonable attorney's fees required to bring this action.

39. Ward has satisfied the statutory prerequisites for bringing this action.

**WHEREFORE,** Ward respectfully requests a jury trial on all issues so triable and that the Court:

A.    Enter of judgment on his behalf and against each of the defendants, severally and jointly;

B.    Award him compensatory money damages in an amount no less than $5,000,000.00;

C.    Award him punitive damages in an amount no less than $5,000,000.00;

D.    Award him his reasonable attorney's fees and costs in bringing this action;

E.    Award him interest; and

F.    Enter such further order as is just and equitable.

Respectfully submitted,<br>
TERRENCE WARD<br>
By his attorney,

/s/Robert LeRoux Hernandez<br>
Robert LeRoux Hernandez<br>
PO Box 590438<br>
Newton, MA 02459<br>
617-969-1688<br>
rlhern@civiljustice.com<br>
BBO No. 231920

Dated:  December 6, 2007